DAVID LANDHAM
P.O. Box 814
Patricksburg, IN 47455

FILED
MAY 14 2020
U.S. CLERK'S OFFICE
TERRE HAUTE, INDIANA

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

DAVID LANDHAM,   Case No.: 2:20-cv-00252-JPH-MJD

Plaintiff,

v.

LEONARD "SAM" HOBBS is the Sheriff of Owen County, Indiana and is being sued in his official capacity as Sheriff,
GEORGE JENNINGS,
KYLE JENNINGS, BRIAN JENNINGS,
KATRINA TRAVER,

Defendants.

_____/

**COMPLAINT FOR NEGLIGENCE, RICO VIOLATIONS PURSUANT TO 18 U.S.C. §1962(b), (c) and (d) AND VIOLATIONS OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. §1983 AND INJUNCTIVE RELIEF**

<u>JURY TRIAL DEMANDED</u>

<u>COMPLAINT</u>

COMES NOW, DAVID LANDHAM, an individual who is a residence of PATRICKSBURG, INDIANA, Owen County, Indiana, and appearing pro-se, alleges as follows:

## INTRODUCTION

1. This action arises due to Negligence, RICO Violations and Civil Rights Violations and seeking Injunctive Relief as to actions that have taken place by the Defendants as set forth below:

## THE PARTIES

2. This action is brought by Plaintiff, DAVID LANDHAM ("Plaintiff" or "Mr. Landham").

3. Plaintiff is a resident of PATRICKSBURG, INDIANA, Owen County, Indiana.

4. All Defendants are residents or entities located in INDIANA in Owen County, Indiana and are collectively the "RICO Defendants" or the "Defendants".

5. Defendant, LEONARD "SAM" HOBBS ("Sheriff Hobbs") is the Sheriff of Owen County, Indiana and is being sued in his official capacity as Sheriff.

6. Defendant, GEORGE JENNINGS ("Gregory Jennings") is a resident of PATRICKSBURG, INDIANA, Owen County, Indiana.

7. Defendant, KYLE JENNINGS ("Kyle Jennings") is a resident of PATRICKSBURG, INDIANA, Owen County, Indiana.

8. Defendant, BRIAN JENNINGS ("Brian Jennings") is a resident of PATRICKSBURG, INDIANA, Owen County, Indiana.

9. Defendant, KATRINA TRAVER ("Ms. Traver") is a resident of PATRICKSBURG, INDIANA, Owen County, Indiana.

10. 10059 Marion

## STATEMENT OF FACTS

11. Plaintiff has resided in PATRICKSBURG, INDIANA since 1985.

12. PATRICKSBURG, INDIANA is located in Owen County, Indiana and is a small town of some 200 people.

13. Plaintiff's address is: 10059 Marion Street, PATRICKSBURG, INDIANA (the "Property").

14. In total, the RICO Defendants have engaged in a pattern of fraud, misconduct and perjury, all designed to deprive the Plaintiff of his right to quiet enjoyment of his property.

15. The specific allegations are as follows:

16. Since approximately 2018, Gregory Jennings, Kyle Jennings, Brian Jennings who are neighbors of Plaintiff in PATRICKSBURG, INDIANA have subjected the Plaintiff to an ongoing campaign of harassment, designed to make it physically impossible for him to reside in peace on his Property.

17. Gregory Jennings and Kyle Jennings and Brian Jennings are father and son and close friends and supporters of Sheriff Hobbs.

18. The end goal has been to force the Plaintiff to vacate his Property, so that it can be sold to other parties.

19. Gregory Jennings and Kyle Jennings and Brian Jennings have allowed wild and vicious dogs to attack the Plaintiff and shot guns close to the Plaintiff's residence, all in an attempt to frighten him.

20. Plaintiff has resorted to legal means such as seeking injunctions in the court system on the state level, all to no avail.

21. Whenever the Plaintiff contacts the Owen Sheriff's Department, Sheriff Hobbs intervenes on behalf of Gregory Jennings and Kyle Jennings and Brian Jennings to prevent any arrest from taking place.

22. Ms. Traver starting in May of 2018 falsely accused Plaintiff of making inappropriate comments of a sexual nature to young girls that she was supervising and I was able to prove that allegation to be false, and present a solid alibi showing that I was elsewhere at the time that the accusations were made.

23. Again, as was the case with Gregory Jennings and Kyle Jennings and Brian Jennings, Plaintiff reached out to the Owen Sheriff's Department and yet and still Sheriff Hobbs refused him any assistance.

24. The Plaintiff suffers from multiple medical conditions, ding a severe heart ailment and several years ago before Sheriff Hobbs was the sheriff, but was working in the local courthouse as a maintenance man and then later a deputy, Sheriff Hobbs was openly hostile to the Plaintiff and physically assaulted him in the courthouse.

25. Ms. Traver is married to a man who is close friends with Brian Jennings.

## JURISDICTION AND VENUE

26. The Court has original jurisdiction over the claims asserted in this action pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343, 28 U.S.C. §1658 and 18 U.S.C. §1964 (b), (c) and (d).

27. Venue is proper in the this district pursuant to 28 U.S.C. §1391(a)(2) as a substantial part of the events that give rise to Plaintiff's claims asserted in this action occurred in this judicial district.

## COUNT I

### (As to RICO Defendants)

### VIOLATION OF RICO, 18 U.S.C. §1962(b) and (c)

28. The Plaintiff re-alleges and incorporates by referenced the allegations in the above paragraphs, as if fully set forth herein.

29. At all relevant times, the RICO Defendants are a person within the meaning of 18 U.S.C. §§1961(3) and 1962 (b) and (c).

30. The RICO Defendants and their co-conspirators are a group of persons associated together in fact for the common purpose of carrying out an ongoing criminal enterprise, as described in the foregoing paragraphs of the Complaint.

31. The RICO Defendants and their co-conspirators constitute an enterprise within the meaning of 18 U.S.C. §1962(c) and at all times relevant, said enterprise was engaged in, and its activities affected interstate and foreign commerce within the meaning of 18 U.S.C. §1962(c).

32. The RICO Defendants conducted or participated, directly or indirectly, in the conduct, management, or operation of the enterprise's affairs through a "pattern of racketeering activity" within the meaning of and in violation of 18 U.S.C. §1961(5) and in violation of 18 U.S.C. §1962(c).

33. The RICO Defendants through a "pattern of racketeering activity" engaged in the collection of unlawful debt and acquired or maintained, directly or indirectly, an interest in or control of an enterprise, the activities of which affected interstate or foreign commerce within the meaning of and in violation of 18 U.S.C. §1961 (5) and 18 U.S.C. §1962(b).

34. As a direct and proximate result of Defendants' actions, Plaintiff has suffered damages in an amount to be proven at trial.

35. Pursuant to 18 U.S.C. §1964(c), Plaintiff is entitled to recover treble damages plus costs and attorneys' fees from the RICO Defendants.

36. Plaintiff is further entitled to, and should be awarded, a preliminary and permanent injunction that enjoins Defendants, their assignees and anyone else acting in concert with them from continuing their course of conduct.

## COUNT II

### (As to RICO Defendants)

### VIOLATION OF RICO, 18 U.S.C. §1962(d)

37. The Plaintiff re-alleges and incorporates by reference the allegations in the above paragraphs, as if fully set forth herein.

38. The RICO Defendants have unlawfully, knowingly and willfully combined, conspired, confederated and agreed together and with others to violate 18 U.S.C. §1962(b) and (c) as described above, in violation of 18 U.S.C. §1962(d).

39. Upon information and belief, the RICO Defendants knew that they were engaged in a conspiracy to commit the predicate acts, and they knew that the predicate acts were part of such racketeering activity, and the participation and agreement of each of them was necessary to allow the commission of this pattern of racketeering activity. This conduct constitutes a conspiracy to violate 18 U.S.C. §1962(b) and (c), in violation of 18 U.S.C. §1962(d).

40. As a direct and proximate result of Defendants' actions, Plaintiff has suffered damages in an amount to be proven at trial.

41. Pursuant to 18 U.S.C. §1964(c), Plaintiff is entitled to recover treble damages plus costs and attorneys' fees from the RICO Defendants.

42. Plaintiff is further entitled to, and should be awarded, a preliminary and permanent injunction that enjoins Defendants, their assignees and anyone else acting in concert with them from continuing their course of conduct.

## COUNT III

### (As to all Defendants)

### NEGLIGENCE

43. The Plaintiff re-alleges and incorporates by reference the allegations in the above paragraphs, as if fully set forth herein.

44. Defendants owed Plaintiff a duty of care to carry out their responsibilities by exercising the degree of care, skill and diligence that ordinarily prudent persons in like positions would use under similar circumstances.

45. Defendants, through their gross negligence, breached their duties of care and acted with reckless disregard and continue to act with reckless disregard towards Plaintiff.

46. As a direct and proximate result of Defendants' gross negligence, Plaintiff has suffered damages in an amount to be proven at trial.


## COUNT IV

### (As to Defendant, Sheriff Hobbs)

### VIOLATION OF CIVIL RIGHTS – 42 U.S.C. §1983

47. The Plaintiff re-alleges and incorporates by reference the allegations in the above paragraphs, as if fully set forth herein.

48. The actions of Defendant were done under color of state law and are in violation of Plaintiff's right to Due Process as guaranteed by the Fourteenth Amendment of the United States Constitution and in violation of the implicit guarantee of the Fifth Amendment of the United States Constitution that each person receive Equal Protection of the laws.

49. As a direct and proximate result of Defendant's actions, Plaintiff has suffered damages in an amount to be proven at trial.

## COUNT V

## INJUNCTIVE RELIEF

50. The Plaintiff re-alleges and incorporates by reference the allegations in the above paragraphs, as if fully set forth herein.

51. Pursuant to Federal Rule of Civil Procedure 65, Plaintiff can seek injunctive relief.

52. The Plaintiff is likely to succeed on the merits of its claims against the Defendants for RICO Violations, Gross Negligence, Negligence and Civil Rights violations.

53. To the extent that the balance of hardships is weighed in this matter, the Defendants will not suffer substantial harm if the Plaintiff's request is granted.

54. The balance of hardships weighs in Plaintiff's favor.

55. Plaintiff will suffer irreparable and imminent harm if requested injunctive relief is not granted.

56. Plaintiff has no other adequate remedy at law.

57. There is no adverse public interest that will result from the granting of injunctive relief in this matter.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff, demands a trial by jury and a Judgment in favor of the Plaintiff as follows:

**On the First and Second Counts for Relief:**

1. For general damages according to proof at trial, trebled according to statute, 18 U.S.C. §1964(c);

2. For prejudgment interest according to statute; and

3. For Plaintiff's reasonable attorneys' fees and costs according to statute, 18 U.S.C. §1964(c).

**On the Third and Fourth Counts for Relief:**

4. An award of damages in an amount to be established at trial;

5. An award of prejudgment interest on such damages;

6. An award of attorneys' fees, costs and other expenses recoverable in connection with this proceeding; and

7. Such other and further relief as the Court may deem just, equitable or proper.

**On the Fifth Count for Relief:**

8. For equitable relief as appropriate pursuant to applicable law, including but not limited to issuing a temporary restraining order, a preliminary injunction and a permanent injunction that bars Defendants, their assignees and anyone else acting in concert with them from continuing their course of conduct.

9. An award of attorneys' fees, costs and other expenses recoverable in connection with this proceeding; and

10. Such other and further relief as the Court may deem just, equitable or proper.

RESPECTFULLY SUBMITTED this 14 day of May, 2020.

By: _____
Plaintiff DAVID LANDHAM
P.O. Box 814
Patricksburg, IN 47455