UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| DAVID LANHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:20-cv-00252-JPH-MJD |
| | ) | |
| LEONARD SAM HOBBS in his official | ) | |
| capacity as Sheriff of Owen County, | ) | |
| Indiana, | ) | |
| GEORGE JENNINGS, | ) | |
| KYLE JENNINGS, | ) | |
| BRIAN JENNINGS, | ) | |
| KATRINA TRAVER, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**I.      Granting *in forma pauperis* status**

Mr. Lanham's motion to proceed *in forma pauperis*, dkt. [2], is

**GRANTED**.  *See* 28 U.S.C. § 1915(a).  While *in forma pauperis* status allows Mr.

Lanham to proceed without prepaying the filing fee, he remains liable for the

full fees.  *Ross v. Roman Catholic Archdiocese of Chicago*, 748 F. App'x 64, 65

(7th Cir. Jan. 15, 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow

a litigant to proceed 'without *prepayment* of fees,' . . . but not without *ever*

paying fees.").  No payment is due at this time.

**II.      Screening**

**A. Screening standard**

The Court has the inherent authority to screen Mr. Lanham's complaint.

*Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the

1

power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status.").  The Court may dismiss claims within a complaint that fail to state a claim upon which relief may be granted.  *See id.* In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Pro se complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.  *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

## B. The complaint

Mr. Lanham alleges that three of his neighbors have consistently harassed him since about 2018, hoping to force him to sell his property.  Dkt. 1 at 3.  He alleges that they allow wild dogs to attack him and shoot guns near his property.  *Id.*  When he contacts the Owen County Sheriff's Office for help, the Sheriff, Leonard Hobbs, intervenes on behalf of the neighbors.  *Id.*  Mr. Lanham also alleges that in May 2018, Katrina Traver started falsely accusing him of making inappropriate sexual comments to young girls.  Dkt. 1 at 4.

Mr. Lanham is suing his neighbors George, Kyle, and Brian Jennings; Sheriff Hobbs; and Katrina Traver.  He raises four claims: two racketeering claims against all defendants, negligence against all defendants, and 42 U.S.C. § 1983 against Sheriff Hobbs.  *Id.* at 4–8.

## C. Analysis

Mr. Lanham's racketeering claims require him to allege, among other things, a "pattern of racketeering activity."  18 U.S.C. § 1964(b),(c).  Such a pattern "consists of at least two violations of a specified list of criminal laws." *Sabrina Roppo v. Travelers Comm. Ins. Co.*, 869 F.3d 568, 589 (7th Cir. 2017). Mr. Lanham does not identify qualifying crimes or appear to allege facts that could constitute qualifying crimes.  *See* 18 U.S.C. § 1961(1).  The complaint's racketeering claims therefore **are dismissed**.

The 42 U.S.C. § 1983 claim against Sheriff Hobbs is based on allegations that Sheriff Hobbs intervened on behalf of Mr. Lanham's neighbors when Mr. Lanham contacted the sheriff's office for help.  Mr. Lanham alleges that this violated his due process and equal protection rights.  Dkt. 1 at 7.  "The law concerning 'class of one' equal protection claims is in flux," *Del Marcelle v. Brown Cnty. Corp.*, 680 F.3d 887, 888 (7th Cir. 2012) (en banc), but "class of one claims can be brought based on allegations of the irrational or malicious application of law enforcement powers, *Geinosky v. City of Chicago*, 675 F.3d 743, 747 (7th Cir. 2012).  This claim therefore **shall proceed** at this screening stage.

3

Mr. Lanham's negligence claim is a state-law claim, so for the Court to have jurisdiction it must share "a common nucleus of operative fact" with Mr. Lanham's 42 U.S.C. § 1983 claim, which is the only federal claim to proceed. *See Boruski v. United States*, 803 F.3d 1421, 1430 (7th Cir. 1986). That common nucleus does not exist case here for the negligence claim against Defendants other than Sheriff Hobbs. The only connection is that Sheriff Hobbs's alleged interference was in response to Mr. Lanham's complaints about the other Defendants' alleged negligence. That is too tenuous to support jurisdiction, particularly because the other defendants have no federal claims proceeding against them. *See id.* Mr. Lanham's negligence claim therefore **shall proceed** against Sheriff Hobbs but **is dismissed** as to the other Defendants.

### D. Summary of claims and opportunity to respond

Liberally construed, the allegations in the complaint are sufficient to plausibly assert 42 U.S.C. § 1983 and negligence claims against Sheriff Hobbs, so those claims **shall proceed**.

The racketeering claims **are dismissed** as to all Defendants for failure to state a claim.

The negligence claim **is dismissed** as to Defendants George Jennings, Kyle Jennings, Brian Jennings, and Katrina Traver. Those Defendants **are dismissed**; the clerk **shall terminate** them as Defendants on the docket.

If Mr. Lanham believes that the Court has overlooked a claim or defendant, he shall have through **July 31, 2020**, to identify those omissions to the Court.

### III.    Pending Motions

Mr. Lanham has filed a motion to amend his complaint.  Dkt. [4].  That motion is **DENIED** because it did not include a proposed amended pleading as required by Local Rule 15-1.  Any amended complaint will completely replace the original complaint, so it must include all allegations, defendants, and claims that Mr. Lanham intends to pursue.

Mr. Lanham has also filed a motion to correct errors.  Dkt. [5].  That motion is **GRANTED**; the clerk **shall update** the docket to reflect Plaintiff's name as David Lanham.

### IV.    Directing Service of Process

The **clerk is directed** under Federal Rule of Civil Procedure 4(c)(3) to issue process to Defendant Sheriff Leonard Hobbs in the manner specified by Rule 4(d).  Process shall consist of the complaint, dkt. 1, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

**SO ORDERED.**

Date: 6/30/2020

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

DAVID LANHAM
P.O. Box 814
Patricksburg, IN 47455


Sheriff Leonard Sam Hobbs
291 Vandalia Avenue
Spencer, IN 47460