UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DAVID LANHAM, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> LEONARD SAM HOBBS in his official ) <br> capacity as Sheriff of Owen County, ) <br> Indiana, ) <br> ) <br> Defendant. ) | No. 2:20-cv-00252-JPH-MJD |

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff, David Lanham, alleges that the Owen County Sheriff, Leonard "Sam" Hobbs, intentionally refused to protect Mr. Lanham and his property several times between 2010 and 2020. Dkt. 1; *see* dkt. 6. Sheriff Hobbs has moved for summary judgment, arguing that the evidence does not support Mr. Lanham's claims. Dkt. [18]. For the reasons below, that motion is **GRANTED**.

## I.
## Facts and Background

Because Sheriff Hobbs has moved for summary judgment under Rule 56(a), the Court views and recites the evidence "in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted). Here, Mr. Lanham has not responded to the summary judgment motion, so the Court treats Sheriff Hobbs's supported factual assertions as uncontested. *See*

1

*Hinterberger v. City of Indianapolis*, 966 F.3d 523, 527 (7th Cir. 2020); S.D. Ind. L.R. 56-1(b), (f).[1]

Mr. Lanham lives in Patricksburg, Indiana, in Owen County. *See* dkt. 19-1 at 7 (Lanham Dep.). Since around 2010, he's had several incidents with the Owen County Sheriff's Department:

- Around 2010, then-deputy Hobbs asked Mr. Lanham about a pipe that was in his yard. *Id.* at 28. That was the extent of that interaction. *Id.* at 28–29.

- Around 2012—still before Sheriff Hobbs became the Owen County Sheriff—deputies came to Mr. Lanham's house because of reports that he had been swinging an axe. *Id.* at 98–99.

- Around 2015, Mr. Lanham was at the courthouse seeking charges against a woman who had battered him, and he got angry because "they wouldn't file charges." *Id.* at 29. Then-deputy Hobbs escorted Mr. Lanham out of the courthouse without touching Mr. Lanham, but they "almost came to blows." *Id.* at 29–31.

- In 2018, Mr. Lanham's neighbor alleged that Mr. Lanham was inappropriately saying "Here, girly–girly" to her children. *Id.* at 32–34. While Sheriff Hobbs was not personally involved, his deputies

---

[1] Sheriff Hobbs filed the required notice to pro se parties, *see* S.D. Ind. L.R. 56-1(k), providing Mr. Lanham with copies of Federal Rule of Civil Procedure 56 and Local Rule 56-1 and warning him that "a failure to properly respond will be the same as failing to present any evidence in your favor at a trial," dkt. 20.

- came to Mr. Lanham's house and asked him about the incident. *Id.* at 34–40.

- In 2019 or 2020, students walked from a local elementary school to the fire station as part of a drill, blocking the streets in front of Mr. Lanham's house. *Id.* at 42–43. Mr. Lanham wanted to leave to go to the grocery store, but a deputy got mad and wouldn't let him. *Id.* at 44–50. Mr. Lanham did not interact with Sheriff Hobbs himself during this incident. *Id.* at 50–51.

- In June 2020, Mr. Lanham saw a suspicious vehicle, which he reported to the state police, and then a driver of a different vehicle flipped him off. *Id.* at 53–58. Mr. Lanham "knew trouble was coming" because of these things so he called the sheriff's department, but "they wouldn't send [anybody] out." *Id.* at 58. Mr. Lanham then realized that it was one of his neighbors who had flipped him off, and another neighbor came out of his house and started "mouthing off." *Id.* at 61–66. This led Mr. Lanham to call the FBI—which he keeps on speed dial—but when the FBI wouldn't help, Mr. Lanham walked over and kicked his neighbor in the groin. *Id.* at 64–67. The two neighbors then "started beating on" Mr. Lanham and "kicked [him] to a pulp." *Id.* at 67–70. Mr. Lanham drove away to get medical care, but deputies stopped him using "stop strips" on the road and arrested him. *Id.* at 70–82.

- Sheriff Hobbs was not personally involved in this incident. *Id.* at 89.

- When Mr. Lanham was released from the hospital after the June 2020 incident, a deputy put him in the back seat of a canine truck. *Id.* at 90. Sheriff Hobbs was not personally involved in this incident either. *Id.* at 94.

Mr. Lanham brought this action on May 14, 2020 against four of his neighbors and Sheriff Hobbs. Dkt. 1. He raised four claims: two racketeering claims against all defendants, negligence against all defendants, and a civil-rights claim under 42 U.S.C. § 1983 claim against Sheriff Hobbs. *Id.* at 4–8. The Court screened the complaint, dismissing all claims except the negligence and § 1983 claims against Sheriff Hobbs. Dkt. 6. Sheriff Hobbs has moved for summary judgment on those claims. Dkt. 18.

## II.
## Applicable Law

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party must inform the court "of the basis for its motion" and specify evidence demonstrating "the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party meets this burden, the nonmoving party must "go beyond the pleadings" and identify "specific facts showing that there is a genuine issue for trial." *Id.* at 324.

In ruling on a motion for summary judgment, the Court views the evidence "in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor." *Zerante*, 555 F.3d at 584 (citation omitted).

### III.
### Analysis

**A. Section 1983 claim**

42 U.S.C. § 1983 "imposes liability on '[e]very person who, under color of any . . . State [law]' violates the federal rights of another." *Jones v. Cummings*, 998 F.3d 782, 786 (7th Cir. 2021) (quoting 42 U.S.C. § 1983). Here, Mr. Lanham's remaining § 1983 claim alleges a violation of his Fourteenth Amendment right to equal protection. Dkt. 6 at 3. This is a "class-of-one" claim based on the Equal Protection Clause's prohibition on "purely arbitrary government classifications, even when a classification consists of singling out just one person for different treatment for arbitrary and irrational purposes." *Geinosky v. City of Chicago*, 675 F.3d 743, 747 (7th Cir. 2012). Such a claim "can be brought based on allegations of irrational or malicious application of law enforcement powers." *Id.*

Sheriff Hobbs argues that he's entitled to summary judgment on this claim because the designated evidence shows that he was not personally involved in any of the incidents that Mr. Lanham relies on. Dkt. 19 at 3. Mr. Lanham did not respond or designate evidence.

"Individual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017). So, to survive summary judgment, Mr. Lanham "must put forth evidence to support" Sheriff Hobbs's "personal responsibility for the alleged misconduct." *Id.* He has not done so. Of the seven incidents that Mr. Lanham testified about in his deposition, Sheriff Hobbs was involved in only two—neither of which show any misconduct. In the first, then-deputy Hobbs merely asked Mr. Lanham about a pipe that was in his yard, and nothing else was said. Dkt. 19-1 at 28–29 (Lanham Dep.). And in the second, then-deputy Hobbs escorted Mr. Lanham out of a courthouse after he admittedly became "irate because they wouldn't file charges" against the woman who allegedly battered him. *Id.* at 29. Those events are from around 2010 and 2015, and Mr. Lanham admits that Sheriff Hobbs was not physically involved in the later incidents. *See id.* Mr. Lanham therefore lacks the required evidence of "specific intent to discriminate." *Taylor v. Ways*, 999 F.3d 478, 494 (7th Cir. 2021); *see Estate of Perry v. Wenzel*, 872 F.3d 439, 459 (7th Cir. 2017) (affirming summary judgment for defendants who were not personally involved in the alleged constitutional deprivation).

In short, even if Mr. Lanham's constitutional rights were violated in one of the incidents he alleges, no designated evidence connects Sheriff Hobbs to the violation. *See Taylor*, 999 F.3d at 494 ("Personal involvement in a subordinate's constitutional violation requires supervisors to know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of

6

what they might see."). Therefore, no reasonable jury could find that Sheriff Hobbs violated Mr. Lanham's equal protection rights. *See Colbert*, 851 F.3d at 658, 660 (affirming summary judgment because the plaintiff failed to designate evidence of personal involvement).

### B. State-law negligence claim

Sheriff Hobbs argues that any remaining state-law claims should be dismissed because, once the § 1983 claim is resolved, there is no longer a federal claim to support supplemental jurisdiction. Dkt. 19 at 6. Mr. Lanham did not respond.

"When all federal claims in a suit in federal court are dismissed before trial, the presumption is that the court will relinquish federal jurisdiction over any supplemental state-law claims." *RWJ Management Co., Inc. v. BP Products N. Am., Inc.*, 672 F.3d 476, 479 (7th Cir. 2012). "The presumption is rebuttable, but it should not be lightly abandoned, as it is based on a legitimate and substantial concern with minimizing federal intrusion into areas of purely state law." *Id.* The Seventh Circuit has identified three exceptions "that may displace the presumption":

> (1) the statute of limitations has run on the pendent claim, precluding the filing of a separate suit in state court; (2) substantial judicial resources have already been committed, so that sending the case to another court will cause a substantial duplication of effort; or (3) when it is absolutely clear how the pendent claims can be decided.

*Id.* at 480.

7

Those exceptions do not justify maintaining supplemental jurisdiction here.  First, Mr. Lanham has not argued that the Court should maintain jurisdiction because of statute of limitations concerns.  *See Williams Elec. Games, Inc. v. Garrity*, 479 F.3d 904, 907 (7th Cir. 2007) (explaining that the statute of limitations may be tolled "to allow the plaintiff to refile the claim in state court").  Second, substantial judicial resources have not been expended on this matter because there have been no contested motions and the Court has not addressed the merits of any state-law claim.  *See RWJ*, 672 F.3d at 481.  Third, it is not "absolutely clear" how Mr. Lanham's negligence claim should be decided because Sheriff Hobbs's primary argument is that this Court should decline to exercise supplemental jurisdiction.  *Id.*; *see* dkt. 19 at 6; *Howlett v. Hack*, 794 F.3d 721, 728 (7th Cir. 2015) ("[W]here the state-law claims have not been the focus of the litigation, the better practice is for the district court to relinquish its jurisdiction over them.").

The Court therefore declines to exercise supplemental jurisdiction over Mr. Lanham's negligence claim.  *See RWJ*, 672 F.3d at 479.

## IV.
## Conclusion

Sheriff Hobbs's motion for summary judgment is **GRANTED** on Mr. Lanham's § 1983 claim, and the Court relinquishes jurisdiction over the state-law negligence claim.  Dkt. [18].  Final judgment will issue in a separate entry.
**SO ORDERED.**

Date: 3/17/2022

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

DAVID LANHAM
P.O. Box 814
Patricksburg, IN 47455

Douglas Alan Hoffman
CARSON LLP
hoffman@carsonllp.com

9